Irving Goldman, J.
The petitioner, Harvey Marcelin, is a prisoner at 'Clinton Prison in Dannemora under a life sentence for murder, first degree. He alleges that at various times, during his imprisonment, he has been subjected to solitary confinement under conditions so brutal as to be characterized as cruel and unusual punishment forbidden by both the State and Federal Constitutions. (N. Y. ¡Const., art. I, § 5; U. S. Const. 8th Arndt.) He seeks injunctive relief and other remedies against certain prison officials who have been allegedly mistreating him.
The question raised here is a jurisdictional one. Assuming the allegations contained in the petition to be true, has the Legislature provided the statutory procedure necessary to enable this court to entertain proceedings as a competent forum for disposition of the issues raised? A search of the statutes and case law reveals no provision or precedent relevant to the fact situation here.
The most authoritative pronouncement and observation on a situation whose facts are almost identical as these is contained in the recent opinion written 'by Judge Irving Kaufman of the United ¡States Circuit Court of Appeals for the ¡Second Circuit, made December 19, 1967 in Wright v. McMann (387 F. 2d 519). There, the court expressed serious doubt as to the adequacies of the procedures available in New York to enforce whatever rights a prisoner might have under the New York Constitution, stating (p. 523): “And, in any event, in this suit for both *39 legal and equitable relief it is only too clear that New York’s remedies are inadequate.”
In response to the State of New York Attorney-General’s argument that he would not oppose, upon jurisdictional grounds, relief which the prisoner sought in a New York Court, Judge Kaufman responded in his opinion that ‘[1] jurisdiction is not conferred by the failure of the Attorney General to object.” (Wright v. McMann, supra p. 524.)
In' his concurring opinion, Chief Judge Lumbabd more emphatically pointed out that the New York courts lacked necessary power to provide relief, if deserved, stating (p. 528) : “It is clear that there is no administrative or judicial body with an unmistakable mandate to entertain an application by Wright for an order that would prevent recurrence of the treatment of which he complains. That the New York Court of Claims with leave of a judge of a supreme court may award damages is not enough. Thus, while all would agree that it is far better that the states should formulate, supervise and enforce their own rules for the treatment of recalcitrant prisoners, we are faced with asking a district court to write some of the rules.”
In any event, any doubt raised as to the availability of relief in the 'State courts appears resolved by the decision of the Circuit Court. The tenor of the decision of the Circuit Court is the insistence that injunctive relief and remedy lie exclusively with the Federal court by reason of the absence of legislative mandate for the State courts to pursue.
It must be noted here that the catalogue of complaints and grievances listed in Marcelin’s petition are strongly similar, if not identical, to those outlined in District Judge Bbennan’s decision in Wright v. McMann on its first presentation in the District Court. (Wright v. McMann, 257 F. Supp. 739.) Were a hearing to be held here and a ruling made adverse to the prisoner, all would be a fruitless exercise of judicial authority. The holdings contained in Wright (and quoted supra) establish the prisoner’s right to proceed to the Federal court on the premise that the Legislature has failed to provide inmates of its prisons the right to apply for injunctive relief against improper treatment (Wright, supra p. 528). Thus, serious doubt is east upon this court’s power to rule.
As a result of the decision by the Circuit Court of Appeals in Wright, a full-blown hearing of approximately a week’s duration on the allegations made by Wright has recently been concluded before Federal Judge Foley of the Northern District *40 of New York.[1] Decision there has been reserved. When forthcoming, it should lay to rest the accusations and denials made concerning the treatment of the prisoners confined at Clinton Prison.
For the foregoing reasons, the petition is dismissed.

. The proceedings were extensively reported in the area newspapers. ‘See Albany Knickerbocker News, .October 23,1968; Albany Times Union, October 20, 1968; Plattsburgh Press-Republican, October 21, 1968.